ECKES et al. v. ECKLEY DENTAL SUPPLY CO., Inc.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

CONTRACTS ⬡355—RECOVERY FOR SERVICES—JUDGMENT.

  In an action to recover for services in auditing defendant's books, judgment, including compensation for services rendered to a creditors' committee, or an old company of the same name as defendant, all of which had been paid for, was improper.

  [Ed. Note.—For other cases, see Contracts, Dec. Dig. ⬡355.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by P. A. Eckes and others, copartners doing business under the firm name and style of Eckes, Fitz Gerald & Dean, against the Eckley Dental Supply Company, Incorporated. From a judgment for plaintiffs, defendant appeals. Judgment affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Earnest R. Eckley, of New York City, for appellant.

Pruyn & Whittlesey, of New York City (Charles W. Whittlesey, of New York City, of counsel), for respondents.

LEHMAN, J. The plaintiffs have recovered a judgment for $200 for services which they claim they rendered at the special instance and

request of the defendant. The defendant at the trial claimed that the only services rendered were performed under a special agreement by which the plaintiffs promised to audit the books of the defendant for the sum of $15 per month. At the opening of the trial the defendant's counsel stated:

"It is conceded that certain services were performed by the plaintiffs for the defendant; the question being whether all the services claimed were performed for this defendant, whether they were performed under special agreement, and whether they, were worth the amount charged."

This statement of the issues was apparently regarded by both court and counsel as superseding the pleadings and fixing the issues to be tried. Throughout the case the court and counsel seemed to co-operate in a laudable attempt to try the case without any regard to technical rules, and to get down as quickly and thoroughly as possible to the merits of the case. The record shows no objections, exceptions, or motions on the part of either attorney; but unfortunately it also contains little competent testimony upon any of the issues raised by the pleadings or by the statement of counsel.

The plaintiff's case consisted of a concession by the defendant that "the plaintiff will testify to the items specified in the bill of particulars." After that concession the plaintiff was cross-examined by the defendant. That cross-examination showed that no services prior to June 3d are included in the claim now in suit. Up to that date all services were rendered to a creditors' committee, or an old company of the same name as defendant, and all such services were paid for. The bill of particulars, however, shows a claim for 5½ days' service rendered "in writing up books to June 3d," out of the total services of 14¾ days rendered by the plaintiffs for which they have recovered judgment. Apparently these services were rendered to the creditors' committee, or the old company, and should have been charged to them.

The judgment should therefore be reversed, and a new trial ordered, with $30 costs to abide the event, unless the plaintiffs stipulate to reduce the judgment to the sum of $122 and proper costs in the court below, in which case the judgment, as reduced, should be affirmed, without costs on this appeal. All concur.